```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ALVERN JAMES,

          Plaintiff,

  -against-

WESTCHESTER COUNTY,

          Defendants
------------------------------------------------------------X

13-cv-0019 (NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Alvern James ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was confined at Westchester County Jail ("WCJ") against Westchester County.[1] Before this Court is Westchester County's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

    I.    **Background**[2]

    For purposes of this motion, the Court accepts as true the facts as stated in Plaintiff's Second Amended Complaint ("SAC"). *See* Docket No. 37. Plaintiff alleges that on October 28, 2012 at approximately 5 a.m., while he was working in the kitchen at WCJ, an Aramark employee told him to move a cart containing several stainless steel pots of hot grits. SAC 3. While pushing the cart, a wheel of the cart became jammed because of a loose "diamond plated manmade saddle" in the floor and caused the container of hot grits to spill onto Plaintiff's body.

---

[1] The Court previously granted the motions to dismiss of Defendants Aramark & CCS on October 21, 2013 (Docket No. 67).

[2] For a more complete recitation of the facts and circumstances surrounding all of Plaintiff's claims, including those previously dismissed by this Court, see the Court's October 21, 2013 Opinion & Order.

*Id.* Some of the hot grits spilled onto Plaintiff's exposed left forearm, which caused Plaintiff's skin to burn. *Id.* Plaintiff alleges that after the grits spilled, his burn went untreated for 5 or 6 hours.[3] *Id* at 3-4.

Plaintiff alleges that a kitchen worker[4] informed him that Aramark was aware that the floor plate was loose prior to the accident. Plaintiff also states that he was not trained to move the equipment he handled, and that Aramark's equipment was improperly maintained. No internal grievance was filed by Plaintiff at the WCJ with respect to Aramark or the loose floor saddle.

In this Court's Opinion & Order entered October 21, 2013, Plaintiff's claim of inadequate medical treatment against Defendant Correct Care Solutions was dismissed for failure to state a claim and Plaintiff's claim of failure to protect against Aramark Corporation was dismissed because the Court found that Aramark was not a state actor. *See* Docket No. 67.

## II. Legal Standard

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted," dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); accord *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "Although for the purposes of a motion to dismiss [a court] must take all of the factual allegations in the complaint as true, [it is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

---

[3] In Plaintiff's handwritten potion of the complaint, it appears that he states that five hours passed between injury and treatment. SAC 3. However, on the typewritten page of the complaint, Plaintiff states that six hours passed between injury and treatment. *Id* at 4.

[4] It is unclear from Plaintiff's complaint whether the unnamed kitchen worker was an Aramark employee.

The court should accept as true the facts in the complaint "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Ultimately, determining whether a complaint states a facially plausible claim upon which relief may be granted must be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"*Pro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*." *Thomas v. Westchester*, No. 12–CV–6718 (CS), 2013 WL 3357171 (S.D.N.Y. July 3, 2013). The court should read pro se complaints "to raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("even after *Twombly*, though, we remain obligated to construe a pro se complaint liberally."). Even so, "pro se plaintiffs . . . cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a right to relief above the speculative level." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "In order to justify the dismissal of the plaintiffs' *pro se* complaint, it must be beyond doubt that the plaintiff can prove no set of facts in support of his [or her] claim which would entitle him [or her] to relief." *Lerman v. Bd. of Elections*, 232 F.3d 135, 139–40 (2d Cir. 2000) (internal citations, quotation marks and footnote omitted), *cert. denied*, 533 U.S. 915, 121 S.Ct. 2520, 150 L.Ed.2d 692 (2001).

### III. Discussion

#### a. *Monell* violation

A claim against Westchester County must be premised on the theory that the municipality

3

maintained a policy, practice, or custom that caused the plaintiff's constitutional injury. *See Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). To establish *Monell* liability, a plaintiff must "prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer[,]" *Vippolis v. Vill. of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) (citation omitted), and that there was a "'direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation.'" *Hayes v. Cnty. of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)); *accord Abreu v. City of New York*, 657 F. Supp. 2d 357, 360 (E.D.N.Y. 2009) (quoting *City of Canton*, 489 U.S. at 385). A plaintiff "need not show that the municipality had an explicitly stated rule or regulation" to establish a *Monell* claim. *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998). Rather, to satisfy the first prong, a plaintiff must prove the existence of either:

> (1) a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by government officials responsible for establishing municipal policies which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policy-making officials; or (4) a failure by official policy-makers to properly train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.

*Moray v. City of Yonkers*, 924 F. Supp. 8, 12 (S.D.N.Y. 1996) (internal citations and quotation marks omitted); *see also Brandon v. City of New York*, 705 F. Supp. 2d 261, 276–77 (S.D.N.Y. 2010) (quoting *Moray* and updating citations to cases).

There can be no *Monell* liability for Westchester County based on Plaintiff's claim that the Correct Care Solutions exhibited deliberate indifference to Plaintiff's medical need because the Court found that there was no constitutional violation stemming from this allegation. *See*

*James v. Correct Care Solutions*, No. 13–cv–0019 (NSR), 2013 WL 5730176 (S.D.N.Y. Oct. 21, 2013) (Docket No. 67); *see also Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006) (no *Monell* liability absent underlying constitutional violation).

Plaintiff's Complaint can be construed as alleging an Eighth Amendment violation against Westchester County for failure to protect Plaintiff from a dangerous condition at the WCJ. To establish a failure to protect claim, plaintiff must establish both parts of a two-prong test: objectively, that he is "incarcerated under conditions posing a substantial risk of harm," *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), and subjectively, that prison officials "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837. To satisfy the objective prong, a plaintiff "must prove that the conditions of his confinement violate contemporary standards of decency." *Phelps v. Kapnolas*, 308 F.3d 108, 185 (2d Cir. 2002). "Whether . . . prison official[s] had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that . . . prison official[s] knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. Plaintiff fails to establish either prong of this Eighth Amendment violation claim. Courts in this Circuit hold that bodily injuries stemming from a slip and fall due to water on the floor do not rise to the level of a constitutional violation. *See, e.g., Flowers v. City of New York*, 668 F. Supp. 2d 574, 578 (S.D.N.Y. 2009) ("Any claim against the City for the slip and fall that resulted in plaintiff's ankle injury—a garden variety tort—is not cognizable under Section 1983...."). The circumstances here are analogous to a wet floor causing a slip and fall in that there was a condition on the floor – a loose floor saddle – that caused an accident. "[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where . . . the

5

plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it." *Edwards v. City of New York*, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) (collecting cases). Thus, Plaintiff fails to satisfy the objective prong of the test and his Eighth Amendment violation fails to state a claim.

Even if Plaintiff could establish a constitutional violation, however, Plaintiff's claim against Westchester County fails because Plaintiff's Second Amended Complaint is void of any allegations of a custom or policy by Westchester County that led to the alleged constitutional violation. There is nothing in the Second Amended Complaint that suggests that there was a policy, custom, or practice of not repairing hazardous conditions at the WCJ. Reading Plaintiff's Complaint generously, Plaintiff does not state a claim against the County.

Finally, Plaintiff alleges that Aramark did not properly train or supervise the inmates who assisted in the kitchen and that the equipment Aramark used was old and improperly maintained. To establish a claim against the County based on Aramark's actions, "plaintiffs must allege (i) the commission of [a] constitutional violation[] by [Aramark], and (ii) the County's (a) disregard of the risk that [Aramark was] providing [constitutionally inadequate supervision], or (b) acquiescence in the provision of such [supervision]." *Alvarado v. Westchester County*, ---F. Supp. 2d---, No. 13 CV 2515 (VB), 2014 WL 2217873, at *5-6 (S.D.N.Y. Apr. 24, 2014). This failure to train inmates for their work duty and use of unsafe equipment sounds in an Eighth Amendment violation for unsafe prison conditions, which requires Plaintiff to establish the same two-prong test as above. First, Plaintiff must show that these violations "created a substantial risk of harm." *Farmer*, 511 U.S. at 834. At the time Plaintiff was injured, he was pushing a kitchen cart, which can hardly be said to be a substantial risk of harm to Plaintiff. *Cf. Buckely v. Barbour Cnty, Ala.*, 624 F. Supp. 2d 1335, 1345 (M.D. Ala. 2008) (use of chainsaws without training in

equipment operation created a substantial risk). Nor does the allegation that the equipment being used was "rundown" satisfy the objective prong of causing a substantial risk to Plaintiff. Accordingly, Plaintiff's claim against Westchester County based on Aramark's actions fails.

### b. Exhaustion of Administrative Remedies

Westchester County also argues that Plaintiff failed to exhaust his administrative remedies, as required under the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). However, because the Court has found that the Second Amended Complaint fails to state a claim, there is no need to reach the issue of whether Plaintiff exhausted his administrative remedies. *See* 42 U.S.C. § 1997e(c)(2) ("In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.").

## IV. Conclusion

Accordingly, the Court GRANTS Defendant Westchester County's motion to dismiss. The Clerk of the Court is respectfully requested to terminate this motion, Docket No. 62, and close the case.

Dated: 8/19/14  
White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge